On June 29, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Kunzig, Judges.
This Wunderlich Act case is before the court solely on plaintiffs motion to dismiss defendant’s counterclaim. Upon the basis of the parties’ submissions and other papers, but without oral argument, we deny plaintiffs motion to dismiss defendant’s counterclaim and remand the case to the trial division for further proceedings.
Plaintiffs contract to furnish banner tow targets to the United States Navy was terminated for default in August 1973. Arguing instead for a termination for convenience, plaintiff appealed to the Armed Services Board of Contract Appeals (Board), which affirmed the default termination, Piasecki Aircraft Corp., ASBCA No. 18783 (Nov. 17, 1977). Plaintiffs appeal to this court has met with defendant’s counterclaim for unliquidated progress payments, $18,897, under the terms of the terminated contract’s clause, "Special Provisions Regarding Default,” ASPR 7-104.35(h), FPR l-30.510-l(h). Plaintiff moves for dismissal of defendant’s counterclaim on the ground that defendant failed to file the administrative record with the court within the *730 specified time period, in violation of Rule 164. While the record shows the administrative record was to be filed April 5, 1979, and it was not in fact filed until April 9, 1979, the record also shows defendant’s motion for leave to file the administrative record out of time was granted by the trial judge on April 9, 1979. We see no reason whatsoever to interfere in the trial judge’s decision to allow filing of the administrative record out of time in this case or to impose any kind of penalty, least of all dismissal of defendant’s counterclaim, on grounds so tenuous. Of course, we do not condone violation of the court’s rules, but we do not believe deference to the trial judge’s handling of this question will do so; this is a matter properly within his discretion. Defendant’s failure to file timely, if there ever was such a failure, has been cured and the point is moot. Plaintiffs argument alleging improper default termination as a reason for dismissal may relate to whether defendant’s counterclaim will ultimately prevail, but it does not pertain to whether the counterclaim should be dismissed at this time.
Accordingly, if is therefore ordered that plaintiffs motion to dismiss defendant’s counterclaim is denied and the case is remanded to the trial division for further proceedings.